**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALLAN A. WRIGHT,

      Petitioner,                       Case No. 04-CV-73558-DT
                                     HONORABLE AVERN COHN

v.

JERI ANN SHERRY,

      Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner Allan A. Wright, (Petitioner), is a state inmate at the Cooper Street Correctional Facility in Jackson, Michigan, where he is serving a sentence of two and a half to twenty years for assault with intent to do great bodily harm less than murder, M.C.L § 750.84; and being a fourth felony habitual offender, M.C.L. § 769.12.  Petitioner has filed a *pro se* petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights.  Respondent says that petitioner's claims lack merit.  For the reasons which follow, the petition will be denied.

### II. Procedural History

      Petitioner pleaded guilty to the above charges in the Oakland County Circuit Court on July 19, 2001.  On August 29, 2001, petitioner was sentenced to prison.

      Petitioner subsequently filed a motion to withdraw his guilty plea, which was denied by the trial court. *People v. Wright,* No. 01-176519-FH (Oakland County Circuit

Court, July 31, 2002). The Michigan Court of Appeals and Michigan Supreme Court affirmed Petitioner's conviction. *People v. Wright,* 245393 (Mich. Ct. App. June 30, 2003); *lv. den.* 468 Mich. 942 (2003).

Petitioner has now filed an application for writ of habeas corpus, in which he seeks relief on the following grounds:

I. The trial court erred in violating petitioner's due process under the 5th and 14th Amendments to the U.S. Constitution and Michigan Const. in denying petitioner an opportunity to withdraw his plea, where the factual basis for his plea based conviction was insufficient to establish guilt of the offense or articulate the essential prerequisite elements of the offense to which the plea was unproperly (sic) offered, as where the prosecutor could not proceed in the first place.

II. The trial court erred and abused their discretion in violating petitioner's due process under the 5th and 14th Amendments to the U.S. Constitution, in denying petitioner's motion to withdraw his guilty plea, where there was indications that petitioner was not competent to plea at the time of the plea proceeding, where he was not able to assist in his defense, or during the sentencing of petitioner.

III. The trial court abused their discretion in violating petitioner's due process under the 5th and 14th Amendments to the U.S. Constitution and Michigan Constitution, in erring and failing to set aside petitioner's habitual offender conviction set forth under the Michigan Compiled Laws (MCL) 769.12, or to conduct a *Tucker* hearing, where the underlying convictions on which the guilty plea was based on those convictions that were entered into without counsel being present.

### III.  Discussion

### A.  Standard of Review

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## B.  The guilty plea claims

Petitioner's first two claims involve challenges to his guilty plea.

A plea of guilty must be knowingly and voluntarily made. The defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings

3

showing that the plea was made voluntarily.  *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th

Cir. 1993).  The factual findings of a state court that the guilty plea was properly made

are generally accorded a presumption of correctness.  Petitioner must overcome a

heavy burden if the federal court is to overturn these findings by the state court.  *Id.*

Petitioner first claims that his guilty plea is constitutionally infirm, because the

trial court failed to elicit a sufficient factual basis to the charge of assault with intent to

do great bodily harm at the time of his plea.  This claim does not provide a basis for

federal habeas relief.  There is no federal constitutional requirement that a factual basis

supporting a guilty plea be established, or that the defendant admit factual guilt, so

long as the plea is intelligently and voluntarily made.  *See Holtgreive v. Curtis,* 174 F.

Supp. 2d 572, 582-83 (2001).  As such, Petitioner is not entitled to relief on this claim.

Petitioner next claims that he was incompetent to plead guilty, due to the fact

that he was taking a pain medication, Oxycontin, for a degenerative spine injury.  A

defendant may not be put to trial unless he or she has a sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding and a

rational as well as a factual understanding of the proceedings against him.  *Cooper v.*

*Oklahoma*, 517 U.S. 348, 354 (1996).  The competency standard for pleading guilty is

the same as the competency for standing trial.  *Godinez v. Moran*, 509 U.S. 389, 398

(1993).

In rejecting petitioner's motion to withdraw his guilty plea, the trial court made a

factual finding that petitioner was competent at the time he entered his guilty plea.  A

determination by a state trial court that a habeas petitioner was competent to stand trial

is a finding of fact that is entitled to the presumption of correctness for purposes of

4

federal habeas review.  *Mackey v. Dutton*, 217 F. 3d 399, 412 (6th Cir. 2000).  A state court's factual determination regarding a defendant's competency to plead guilty is also entitled to the presumption of correctness in habeas corpus proceedings. *Hastings v. Yukins,* 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002).  Petitioner has the burden of rebutting the presumption of correctness of the state court's determination of his competency by clear and convincing evidence. *Doughty v. Grayson,* 397 F. Supp. 2d 867, 876 (E.D. Mich. 2005).

Petitioner has presented no evidence that he was unable to understand the proceedings against him or assist his attorney.  There is nothing in the guilty plea transcript to indicate that the Oxycontin prescription being taken by Petitioner reduced his understanding of the proceedings.  Accordingly, Petitioner is not entitled to relief in this claim.

### C.  The sentencing enhancement claim

In his third claim, Petitioner contends that the trial court erred in failing to set aside his fourth felony habitual offender conviction because one of the convictions that was used to enhance Petitioner's sentence had been obtained without the benefit of counsel.

The use of uncounselled convictions to enhance punishment is prohibited, but the burden is upon the defendant to prove the invalidity or unconstitutionality of the prior convictions.  *See Hobson v. Robinson,* 27 Fed. Appx. 443, 445 (6th Cir. 2001)(citing *Parke v. Raley,* 506 U.S. 20, 28-34 (1992)).  Petitioner never objected to the invalidity of his prior conviction to charge him with being a fourth habitual offender,

5

either at his guilty plea or at his sentencing.  By failing to object to the consideration of his prior conviction at the plea or at sentencing, petitioner failed to carry his burden of showing the invalidity of the prior conviction.  *Id.*

Moreover, any error in using this prior conviction to enhance Petitioner as being a fourth felony habitual offender was harmless, in light of the fact that Petitioner's sentence of two and a half to twenty years was within the sentence range that he could receive as a third felony habitual offender.  Assault with intent to do great bodily harm is a Class D felony. Mich.Comp. Laws § 777.16d.  Petitioner's sentencing guidelines in this case for being a fourth felony habitual offender were D3, or 10-46 months.  (Sent. Tr, p. 8).  Petitioner' sentencing guidelines range for being a third felony offender would have been 10-34 months under the same range.  *See Michigan Sentencing Guidelines Manual,* p. 71.  In addition, where a defendant is convicted of being a third felony habitual offender, he can receive a maximum sentence that is double the maximum sentence of the underlying felony, which in this case, would have been twenty years. M.C.L. § 769.11.  Because petitioner's sentence was within the range of permissible sentences for being a third felony habitual offender, his due process rights were not violated by any error in using an uncounseled conviction to charge him with being a fourth felony habitual offender.

## IV.  Conclusion

For the reasons stated above, the petition for writ of habeas corpus is **DENIED** and

this case is **DISMISSED.**

     **SO ORDERED.**


Dated:  April 4, 2006                 s/Avern Cohn
                                     AVERN COHN
                                     UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 4, 2006, by electronic and/or ordinary mail.


                                 s/Julie Owens
                                     Case Manager
                                     (313) 234-5160